NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| AARON DALE CRAIGER, | : | |
| | : | Civ. No. 21-07080 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DAVID KELLEY, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

Petitioner Aaron Craiger, a pretrial detainee confined in the Atlantic County Justice Facility ("ACJF") in Mays Landing, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging violation of his right to a speedy trial and seeking release from state pretrial detention. (Pet., Dkt. No. 1.) This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4.

I. THE PETITION

Petitioner was arrested in New Jersey on March 16, 2020, and he is seeking release from pretrial detention. (Id. at 4-5.) He alleges that he has been in detention for one year in the absence of an indictment against him. (Id. at 4.) He was told the reason for the delay is related to the Covid-19 pandemic. (Id.) Petitioner alleges there is no legitimate reason for

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

the delay because defendants who were arrested months later than himself have been indicted and attended court proceedings. (Id.) Petitioner maintains that he could not obtain the necessary forms to appeal his pretrial detention in state court, and his public defender ignored his requests to appeal or to reopen his detention hearing. (Pet., Dkt. No. 1 at 3.)

II.     DISCUSSION

Generally, federal habeas corpus is primarily a post-conviction remedy for state prisoners. Moore v. DeYoung, 515 F.2d 437, 441–42 (3d Cir. 1975) (citations omitted). Although this Court has "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, it should execute jurisdiction "sparingly" to prevent federal pretrial interference of "'the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore, 515 F.3d at 445–46). Unless a detainee presents extraordinary circumstances, district courts should not exercise pretrial habeas jurisdiction without the exhaustion of state court remedies. See id.; Jackson Bey v. Daniels, No. 19-16374, 2019 WL 4749822, at *1 (D.N.J. Sept. 27, 2019). In Moore, the Third Circuit stated,

> [w]e believe that the present case is precisely the situation anticipated by the Supreme Court's caveat that federal courts should not permit the claimed denial of a speedy trial, presented in a pre-trial application for habeas, to result in the "derailment of a pending state proceeding."

Moore, 515 F.2d at 446 (3d Cir. 1975).

To exhaust state court remedies, a petitioner must "invoke[e] one complete round of the state's established appellate review process" before he can present his claim to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In New Jersey, one must "first presen[t] the claims to the state trial and appellate courts, and in a petition for review

in the New Jersey Supreme Court." Lincoln v. Owens, No. 16-990(RMB), 2016 WL 884641, at *2 (D.N.J. Mar. 8, 2016) (quoting Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004)).

Petitioner alleges that, despite multiple requests, ACJF did not provide him with the necessary forms to appeal his pretrial detention order until after the appeals window closed. (Pet., Dkt. No. 1 at 3.) Petitioner, however, does not allege that he could not write to the state courts to request the necessary forms or that the state courts would not, for good cause, accept his appeal as within time or permit him to reopen his detention hearing, because his public defender refused to do so on his behalf. See Medina v. Allentown Police Dep't, No. CV 20-5734, 2021 WL 185237, at *4 (E.D. Pa. Jan. 19, 2021) (holding that where a pretrial detainee has not exhausted his Sixth Amendment speedy trial claim in the state courts, he is seeking to abort rather than compel his trial in state court, and pretrial habeas jurisdiction should not be exercised); accord Wright v. Volland, 331 F. App'x 496, 498 (9th Cir. 2009) ("[p]retrial habeas relief on speedy trial grounds is appropriate when a state prisoner requests the federal courts to order the state court to afford the petitioner a trial, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 485-86 (1973) …, but no case "permit[s] the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court," *see id.* at 493….")

Moreover, courts have found that delays stemming from the COVID-19 pandemic do not justify "pretrial habeas jurisdiction or provide any basis for the [habeas] Court to intervene in Petitioner's state criminal proceedings." Rodgers v. Smith, No. 20-9402(RBK), 2020 WL 6144708, at *2 (D.N.J. Oct. 20, 2020) (dismissing § 2241 pretrial habeas petition because the petitioner failed to exhaust state remedies and Covid-19 related issues are not

extraordinary circumstances) (citing Ashford v. Briggs, No. 20-01118, 2020 WL 5548716, at *3 (M.D. Pa. Sept. 16, 2020); Galloway v. Walton, No. 20-611, 2020 WL 3977376, at *1 (W.D. Pa. July 14, 2020); Milbourne v. Smith, No. 20-0012, 2020 WL 2744608, at *3 (D.N.J. May 27, 2020)). Thus, Petitioner must exhaust his state court remedies before seeking habeas relief.

III.   CERTIFICATE OF APPEALABILITY

A petitioner may not appeal from a final order denying relief from his state court detention unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Jurists of reason would not find it debatable that Petitioner must exhaust his state court remedies before raising his speedy trial claim in a habeas petition in federal court. Therefore, a certificate of appealability is denied.

IV.   CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the habeas petition without prejudice because Petitioner has not exhausted his speedy trial claim, and he has not presented extraordinary circumstances that would justify pretrial habeas relief. If Petitioner can present additional extraordinary circumstances that subsequently arise, he is not precluded from filing a new habeas petition.

**Dated:   October 4, 2021**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
